**UNITED STATES of America, Plaintiff,**

v.

**Frank A. BRODBECK and Ian A. Sinclair, Defendants.**

**No. 76-Cr-220.**

United States District Court,
E. D. Wisconsin.

April 13, 1977.

Thomas E. Martin, Asst. U. S. Atty., William J. Mulligan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Gimbel, Gimbel & Reilly by Richard Reilly, Milwaukee, Wis., for Sinclair.

Perry & First by James C. Reiher, Milwaukee, Wis., for Brodbeck.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants in this action are charged in an eight-count indictment with mail fraud (counts I and V), interstate transportation of securities taken by fraud (counts II, III, and IV), and conflict of interest (counts VI, VII, and VIII). They have filed the following motions: (1) to dismiss counts I and V; (2) to dismiss counts I through V as multiplicitous; (3) for a bill of particulars relating to count II; and (4) for an order to produce the grand jury testimony of attorney Victor Weiss thirty days before the trial of this action. In addition, the defendant Brodbeck has filed numerous demands for discovery and inspection and a motion to dismiss count II.

I believe that motions (1) and (2) above should be denied, that motion (3) should be dismissed, and that motion (4) should be dismissed as moot. I also will deny the defendant Brodbeck's motion to dismiss count II and will dismiss his demands for discovery and inspection as moot.

## I. MOTIONS TO DISMISS MAIL FRAUD COUNTS

The indictment charges that the defendants, officers of American Bankshares Mortgage Corporation and American City Bank and Trust Company, "devised and attempted to devise" a scheme to defraud the bank, the mortgage corporation, and the latter's shareholders. Brodbeck and Sinclair allegedly formed a corporation known as F. I. Inc., naming themselves and Victor Weiss as officers, directors, and shareholders thereof. The defendants then allegedly caused F. I. Inc. to enter into agreements with one Robert Long in which F. I. Inc. promised to exercise its best efforts to obtain financing for Long's proposed purchase of one three-acre and one seven-acre parcel of land near Atlanta, Georgia. In return, it is charged that the corporation would obtain a 20% interest in each parcel of land and the sum of $5,000.

Without disclosing this arrangement, the defendants allegedly presented to the American City Bank a proposal to lend Robert Long $360,000 to purchase the seven-acre parcel of real estate. According to the indictment, that loan was approved, and a loan commitment letter was issued by the bank. Long supposedly did pay F. I. the sum of $5,000, by check, and the corporation is said to have distributed portions of that sum to the defendants.

Count I charges that for the purpose of executing the above scheme, the defendants caused articles of incorporation for F. I. Inc. to be mailed to the secretary of state in Madison, Wisconsin. Count V alleges that the defendants caused a letter committing the American City Bank to lend $360,000 to Long to be mailed from the bank to Robert Long.

Both Brodbeck and Sinclair argue that counts I and V are defective in alleging only minimal connection between the scheme charged and the United States mails. Mr. Brodbeck also urges that the scheme charged amounts to constructive fraud, not the active fraud contemplated by the mail fraud statute (§ 1341) and that the articles of incorporation mentioned in count I were mailed before the alleged scheme was formulated. On these grounds, both defendants urge that counts I and V be dismissed.

"The two necessary elements for violation of the mail fraud statute are formation of a scheme with intent to defraud and the use of mails in furtherance of that scheme." *United States v. Keane,* 522 F.2d 534, 544 (7th Cir. 1975). Here the indictment charges Brodbeck and Sinclair with devising a scheme to defraud the mortgage corporation and the bank of the "conscientious, loyal, faithful, disinterested and unbiased services, actions, and performance of duties" owed by the defendant officers to their employers. The indictment also asserts that the scheme was meant to defraud the bank, the mortgage corporation, and its shareholders of the value of the interests received by the defendants as a result of their agreement with Robert Long. Brodbeck and Sinclair are said to have worked this fraud by "material omissions of fact," that is by failing to disclose to the bank their personal financial interests detailed in F. I.'s agreement with Robert Long.

The defendant Brodbeck strenuously urges that such allegations amount to no more than the breach of a fiduciary duty, chargeable under 18 U.S.C. § 215 (the subject of counts VI, VII, and VIII of the indictment), but not under § 1341. Relying particularly on *United States v. George,* 477 F.2d 508 (7th Cir. 1973), and *Epstein v. United States,* 174 F.2d 754 (6th Cir. 1949), Mr. Brodbeck asserts that an officer who fails to disclose his financial gain from a transaction beneficial to his employer does not commit fraud within the meaning of the mail fraud statute. Brodbeck claims that § 1341 requires allegations of affirma-

tive material misrepresentation which would influence the bank in deciding to make a loan to Long. In his view, the alleged non-disclosure may be a conflict of interest but it is not a scheme involving active fraud, to which § 1341 is addressed.

I believe that *United States v. Bush,* 522 F.2d 641 (7th Cir. 1975), and *United States v. Bryza,* 522 F.2d 414 (7th Cir. 1975), have resolved these contentions adversely to Mr. Brodbeck. In *Bush,* an appointed city employee was convicted of mail fraud resulting from his failure to disclose his personal financial interest in a corporation to which the city awarded the contract for display advertising at an airport. The defendant employee recommended awarding the contract to a particular corporation, without revealing his financial interest therein. The indictment charged Bush with defrauding the city of the right to his loyal and faithful services, to honest, impartial decisions, and to know all pertinent facts when making a decision. The court found that such a breach of fiduciary duty, combined with Bush's recommendation and concomitant failure to disclose his interest, amounted to fraud cognizable under § 1341. *United States v. Bush,* 522 F.2d p. 648.

The fact that the city was satisfied with the performance of Bush's corporation under the contract was held not relevant to a fraud determination under § 1341. "[T]he mail fraud statute seeks to prohibit fraudulent conduct regardless of ultimate loss or damage to the victims of the crime." *United States v. Bush,* 522 F.2d p. 648.

The standard announced in *Bush* is also applicable to individuals employed in the private sector. In *United States v. Bryza,* 522 F.2d 414 (7th Cir. 1975), the court found a corporate employee's failure to reveal the receipt of kickbacks, and his resulting breach of fiduciary duty to his employer, to be an actual fraud under the mail fraud statute. Even though the transactions from which Bryza secretly benefited were financially satisfactory to his employer, the employer was still deprived of the right to negotiate those transactions while aware of Bryza's interest. "The fraud consisted in Bryza's holding himself out to be a loyal employee, acting in [his employer's] best interests, but actually not giving his honest and faithful services, to [his employer's] real detriment." *United States v. Bryza,* 522 F.2d p. 422.

◼ The indictment in this case alleges that the defendants deprived their employers financially and of loyal, unbiased services by presenting a loan proposal "without disclosing [their] personal financial interest therein." Such a charge of fraud falls within the purview of § 1341 as construed by the court of appeals for the seventh circuit in *Bush* and *Bryza.*

◼ Both defendants contend that the use of the mails described in counts I and V was only incidental to, not "for the purpose of executing" the alleged scheme, as required by § 1341. I find this contention to be meritless. It was part of the defendants' alleged scheme to conceal and disguise their agreement to receive remuneration from Long in return for attempting to arrange a loan. Accordingly, F. I. Inc., not the defendants themselves, made the agreement with Long. The mailing of articles of incorporation in order to form F. I. Inc. was thus, allegedly, an initial step in disguising their interests. Mr. Brodbeck argues that the filing of articles is not itself illegal and that the corporation was not formed for an illegal purpose. These observations are not pertinent in view of the fraudulent nature of the alleged overall scheme. *United States v. Keane,* 522 F.2d, p. 544.

◼ Count I charges that the articles of incorporation were mailed on or about August 13, 1973, but that the scheme to defraud began on or about August 29, 1973. Based on this, Mr. Brodbeck claims that no scheme to defraud was in existence when the mailing was performed. Since the events allegedly occurred "on or about" these dates, I do not believe that count I should now be dismissed because the articles were supposedly mailed sixteen days before the start of the alleged scheme. The government of course will have the burden of proving at trial that all of the requirements of § 1341 have been met.

■ I also find the indictment contains sufficiently clear allegations of a direct relationship between the mailing of a loan commitment letter, as detailed in count V, and the alleged scheme. Mr. Brodbeck asserts that the significant act was the approval of the loan by the bank and that the mailing of a loan commitment letter was only incidental thereto. Moreover, he claims that since the agreement between F. I. Inc. and Long required only that F. I. Inc. use its best efforts to obtain financing, not that it actually secure a loan, the bank's letter was not really a prerequisite to F. I. Inc.'s obtaining remuneration from Long. The indictment alleges that F. I. Inc. was paid $5,000 pursuant to its agreement with Long about the same time that the $360,000 loan was actually made. I am unable to rule in advance of trial upon the present record that the loan commitment letter was an insignificant part of the loan process. Upon trial, one will be able to determine whether F. I. Inc. would have obtained money and an interest in the real estate even if the American City Bank had not extended a loan to Long. The role of the letter, the nature of the agreement alleged, and the meaning of the term "best efforts" are evidentiary matters not resolvable at this juncture. "[A]t this stage of the proceedings, the indictment must be tested by its sufficiency to charge an offense." *United States v. Sampson,* 371 U.S. 75, 78–9, 83 S.Ct. 173, 175, 9 L.Ed.2d 136 (1962).

■ The indictment's allegations that the defendants engaged in a scheme to defraud and that they caused articles of incorporation and a loan commitment letter to be mailed for the purpose of executing such scheme, are sufficient to charge violations of § 1341. The motions to dismiss counts I and V will therefore be denied.

## II. MOTIONS TO DISMISS COUNTS I THROUGH V

■ The defendants urge that counts I through V are multiplicitous in dividing a single course of conduct among several counts. I do not subscribe to this contention. As a general rule, the counts of an indictment are not multiplicitous if each requires at least one separate and distinct element of proof. *United States v. White,* 386 F.Supp. 882, 884 (E.D.Wis.1974).

■ With respect to counts I and V which charge separate mailings in furtherance of a scheme to defraud, the defendants' argument is not well taken. " '[T]here is no doubt that the law may make each putting of a letter into the post office a separate offence. . . .' " *United States v. Joyce,* 499 F.2d 9, 18 (7th Cir. 1974), citing *Badders v. United States,* 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706 (1916).

■ Counts II, III, and IV relate to interstate transportation of securities taken by fraud. Separate interstate transportations of separate securities may be the subject of distinct counts of an indictment. *United States v. Dilts,* 501 F.2d 531, 534–35 (7th Cir. 1974).

■ Mr. Brodbeck notes correctly that counts III and IV apparently refer to separate interstate trips made by one check in its progress through the bank collection process. He correctly observes that a single *transportation* of several securities constitutes but one violation of § 2314. *Castle v. United States,* 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961); *Dilts, supra.* Since these cases focus on the act of transportation in defining the unit of prosecution under § 2314, I am not persuaded by the defendant's suggestion, for which he offers no authority, that the two instances of interstate transportation of the same check may not be charged as two separate offenses.

The defendants' motion to dismiss counts I through V as multiplicitous will be denied.

## III. MOTIONS FOR BILL OF PARTICULARS COUNT II

■ Both defendants have moved for a bill of particulars which details the manner in which a deed to secure debt, involved in the loan from the bank to Robert Long, was taken by fraud. Mr. Brodbeck has additionally presented numerous proposed points to be answered by the government via a bill of particulars regarding this deed.

In response, the government has supplied the defendants with the summary of a statement by Russell Stepke, an attorney who represented the American City Bank at the time of Long's purchase of the seven-acre property. The summary indicates that Mr. Stepke personally transported the deed to and from the closing, and it describes in detail the events during and after the closing. The government asserts that the production of this summary renders a bill of particulars unnecessary.

I believe that in view of the summary, of the government's open file policy, and of its intention to comply with its obligations under *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), a bill of particulars need not be ordered. As to the defendants' request for particulars on the taking of the deed by fraud, I note that count II incorporates by reference the bulk of the allegations of count I. The nature of the fraud detailed therein has been previously considered in this decision.

The defendants' motion for a bill of particulars as to count II will therefore be dismissed.

#### IV. MOTION TO DISMISS COUNT II

■ In response to the summary of Mr. Stepke's statement, Mr. Brodbeck has moved to dismiss count II on the following grounds: (1) since F. I. Inc. was obligated only to use its best efforts to obtain financing, the deed to secure debt has only minimal connection with the scheme involved; and (2) because the loan closing was only a formality, the scheme has merely an incidental connection with interstate commerce.

These arguments present evidentiary questions which cannot be determined before trial. For the reasons detailed in part I of this decision, Mr. Brodbeck's motion to dismiss count II must therefore be denied.

#### V. DEMANDS FOR DISCOVERY AND INSPECTION

■ The defendant Brodbeck has submitted eighteen numbered demands for discovery and inspection. The government has responded in detail to each demand, indicating that it will in large part supply the defendant with the materials and information he seeks. Moreover, the government is adhering to its open file policy in this action, and it has stated its intention to comply in good faith with its obligations under *United States v. Agurs, supra.* With the exception of certain grand jury testimony discussed below, Mr. Brodbeck has not suggested that the government's response to his demands is inadequate in any respect. I therefore find it unnecessary to rule on the defendant's various requests.

#### VI. MOTION TO PRODUCE GRAND JURY TESTIMONY

The defendants have also moved for an order to produce the grand jury testimony of Victor Weiss thirty days before the trial of this action. The government's statement that it will comply with this request renders this motion moot.

Therefore, IT IS ORDERED that the defendants' motion to dismiss counts I and V be and hereby are denied.

IT IS ALSO ORDERED that the defendants' motions to dismiss counts I through V be and hereby are denied.

IT IS FURTHER ORDERED that the defendants' motions for a bill of particulars as to count II be and hereby are dismissed.

IT IS FURTHER ORDERED that the defendant Brodbeck's motion to dismiss count II be and hereby is denied.

IT IS FURTHER ORDERED that the defendant Brodbeck's demands for discovery and inspection be and hereby are dismissed as moot.

IT IS FURTHER ORDERED that the defendants' motion for an order to produce the grand jury testimony of Victor Weiss be and hereby is dismissed as moot.