**UNITED STATES of America**

v.

**Fernando BOSCH et al. Defendants.**

**No. 04 CR. 1108(VM).**

United States District Court,
S.D. New York.

Aug. 14, 2005.

25. *Health–Chem Corp.,* 148 Misc.2d at 191, 559 N.Y.S.2d at 438.

Joan Loughnane, Assistant United States Attorney, New York, NY, for Plaintiff.

Joel Mark Stein, Law Office of Joel M. Stein, Sean Hecker, Federal Defender Division Legal Aid Society, David Andrew Gordon, David Gordon, Thomas Francis Dunn, Thomas F.X. Dunn, Richard M. Jasper, Jr., Law Office of Richard Jasper, Edward David Wilford, Edward D. Wilford, Esq., Donald Joseph Yannella, III, Donald Yannella P.C., Kenneth Russo, Law Office of Kenneth Russo, Paul J. McAllister, Law offices of Paul J. McAllister, New York, NY, Julie A. Clark, Brooklyn, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Two defendants in this multi-defendant drug conspiracy case have filed pre-trial motions. Defendant Fernando Bosch ("Bosch") seeks a severance of his trial from that of other defendants pursuant to Fed.R.Crim.P. 14. Defendant Omar Garcia ("Garcia") seeks to suppress a statement he made to a law enforcement officer upon his arrest, allegedly due to the violation of his *Miranda* rights by the officer. Garcia also seeks early production of various types of evidence, including evidence that the Government is required to disclose under the authority of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); material required to be disclosed under 18 U.S.C. § 3500; material that may be introduced under Fed.R.Evid. 404(b), 607, 608, & 609; and a summary of expert testimony that the Government may seek to introduce at trial. Garcia further asks for a bill of particulars pursuant to Fed.R.Crim.P. 7(f), and an order requiring all law enforcement officers who participated in the investigation of Garcia to preserve all "rough notes" taken as part of their investigation. Garcia and Bosch each asks to join in the other's motions.

For the reasons discussed below, the Court grants Garcia's motion for an order directing the relevant law enforcement officers to preserve investigators' rough notes. The Court will exercise its discretion to schedule an evidentiary hearing on Garcia's suppression motion before ruling on that request. It denies Bosch's motion and all of Garcia's other motions.

## I. BOSCH'S MOTION

Bosch's severance motion argues that a joint trial of Bosch with other defendants in this action would be prejudicial on the grounds that it would result in the admission of several post-arrest statements by co-defendants that also inculpate Bosch. Bosch claims that ordering a joint trial of Bosch with those co-defendants, who presumably would exercise their Fifth Amendment right to remain silent at the trial but whose post-arrest statements could be admitted against them, would violate Bosch's rights under the Confrontation Clause of the Sixth Amendment.

██ The Court denies Bosch's motion, finding that there is no reason why a combination of redactions from his co-defendants' inculpatory statements and limiting instructions would not adequately preserve Bosch's constitutional rights at a joint trial in this matter. As the Supreme Court stated in *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." The arguments in favor of a joint trial are especially compelling where, as here, the crime charged involves a criminal conspiracy. *See United States v. Upton,* 856 F.Supp. 727, 733 (E.D.N.Y.1994) ("It is well settled that the good-faith inclusion of a conspiracy count establishes the requisite common scheme or plan and is sufficient to support joinder of defendants under Rule 8(b).") (citing *United States v. Uccio,* 917 F.2d 80, 87 (2d Cir.1990); *United States v. Aiken,* 373 F.2d 294, 299–300 (2d Cir.), *cert. denied,* 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967)).

██ Bosch has given no reason why the presumption in favor of a joint trial should be overcome here. As the Second Circuit explained in *United States v. Sanin,* 252 F.3d 79, 85 (2d Cir.2001), "statements that

are properly redacted to protect the defendant's Sixth Amendment rights" may be introduced in a joint trial where proper limiting instructions are given. Bosch has failed to explain why proper redactions of his co-defendants' statements, combined with sufficient limiting instructions, would not adequately protect his Sixth Amendment rights at trial. Nor could the Court identify any aspects of the statements at issue that would prevent them from being redacted in a manner that would safeguard the defendants' rights at a joint trial. Consequently, the Court denies Bosch's severance motion.

## II. *GARCIA'S MOTIONS*

■ The Court turns next to Garcia's motions. The Court will exercise its discretion to hold an evidentiary hearing on Garcia's motion for suppression of his post-arrest statement. The circumstances surrounding Garcia's post-arrest statement, and the posture of the motion for suppression, are very similar to one which faced the Court in an earlier case, *United States v. Santiago*, 174 F.Supp.2d 16 (S.D.N.Y. 2001). In that case, the Court elected to hold an evidentiary hearing to determine whether a defendant had been "duped" by a Government agent into making inculpatory statements, where neither the defendant nor the Government had submitted any sworn affidavits or other testimony concerning the post-arrest statement. The Court sees no reason to depart from that prior precedent in this case. *See id.* at 26–27 (explaining the Court's rationale for holding a hearing). The Court warns Garcia, however, that he will be unlikely to prevail if the Government's testimony at the hearing is consistent with the arresting officer's report indicating that the officer merely answered a question concerning the crime he was suspected of committing, which in turn led to an unprovoked inculpatory statement. *See United States v. Guido*, 704 F.2d 675, 677–78 (2d Cir.1983)

(upholding admission of inculpatory statement made after the arresting officer merely answered defendant's questions concerning "the crime he was suspected of committing").

■ The Court will also order preservation of rough notes of all law enforcement officers who participated in the investigation of the conspiracy. The Government asserts that it has no obligation to preserve notes that have been incorporated into formal reports. The Government is correct that the destruction of rough notes incorporated into formal reports cannot be grounds for reversal of a conviction, *see United States v. Barlin*, 686 F.2d 81, 92 (2d Cir.1982) ("[A]ppellants do not question that the notes were made part of the agent's formal report. That being the case, the notes need not have been preserved and their destruction violated no Jencks Act right."). Garcia, however, may be entitled to production of at least a portion of the notes at trial if they were still in existence at the time of trial and were discoverable under the provisions of the Jencks Act, *see* 18 U.S.C. § 3500(e)(2) (defining potentially discoverable "statement" as including "a stenographic, mechanical, electrical, or other record, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement"), or under the Fifth or Sixth Amendments.

The Court concludes that an order requiring preservation of rough notes taken as part of the investigation of the defendants in existence at the time of this order, or created afterwards, is warranted in this case. In similar circumstances, courts in this Circuit have ordered preservation of such notes upon a defendant's pre-trial motion, or have noted that the Government has consented to preserving all notes

in existence at the time of the order. *See, e.g., United States v. Urso,* 369 F.Supp.2d 254, 274 (E.D.N.Y.2005) (ordering preservation of notes even though Government had promised to preserve notes); *United States v. Santoro,* No. 03 Cr. 484, 2004 WL 2346621, at *3 (S.D.N.Y. Oct.19, 2004) (dismissing motion compelling preservation of notes as moot where Government promised to preserve notes). Moreover, it is unclear whether the notes that Garcia seeks to preserve, to the extent they still exist, have actually been incorporated into formal reports. The Court will therefore order preservation of rough investigative notes so that those notes may be reviewed and, if appropriate, disclosed, at a later date.

 Garcia's remaining motions require only brief mention. Garcia's request for witness statements, *Giglio* material, material that the Government may seek to introduce under Fed.R.Evid. material that may be introduced under Fed.R.Evid. 404(b), and Section 3500 material, is premature for the reasons stated by the Court in *United States v. Dames,* 380 F.Supp.2d 270, 272 (S.D.N.Y.2005). The Government has committed to providing *Giglio* and Section 3500 material on the Friday before the Government witness is scheduled to testify, or earlier if more time is necessary to review that material. This schedule is consistent with accepted practice in this District and appears reasonable under the circumstances of the case. The Government has reaffirmed its continuing obligation to supply *Brady* material to all defendants, and has further committed to providing timely disclosure of expert and material admissible under Fed.R.Evid. 404(b) prior to trial, which is not scheduled to begin for more than three months. Garcia fails to provide any support for his contention that the Government should be required to turn over material that may be admissible under Fed.R.Evid. 607, 608, & 609 in advance of trial.

 Garcia is not entitled to a bill of particulars. As the Court stated in *Dames,* a bill of particulars "is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *Id.,* at 273–74 (quoting *United States v. Walsh,* 194 F.3d 37, 47 (2d Cir.1999)). The Court, upon review of the indictment, concludes that it adequately advises Garcia (and Bosch, to the extent he may be deemed to have joined in Garcia's motion), of the specific acts of which the alleged co-conspirators are accused. Garcia and Bosch are specifically alleged to have had a telephone conversation on September 9, 2004, in which Garcia asked Bosch to bring him heroin. Bosch is also accused of several other overt acts in connection with the conspiracy. The indictment's description of these overt acts, in combination with language tracking the statutes that Garcia and Bosch allegedly conspired to violate, are sufficiently clear and comprehensive that no further elaboration is required.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Fernando Bosch for a severance pursuant to Fed.R.Crim.P. 14 is DENIED; and it is further

**ORDERED** that defendant Omar Garcia ("Garcia") and the Government are ordered to appear for an evidentiary hearing on Garcia's motion to suppress his post-arrest statement on October 13, 2005 at 2:00 p.m.; and it is further

**ORDERED** that the Government shall preserve all rough notes of law enforcement officers who participated in the investigation of the conspiracy charged in the instant case which are in existence as of the date of this order, or which are

created after the date of this order, until such time as the Court determines some or all of these materials are discoverable; and it is further

**ORDERED** that Garcia's motion for a bill of particulars is DENIED; and it is finally

**ORDERED** that Garcia's remaining pretrial motions are DENIED, without prejudice to their renewal at trial.

**SO ORDERED.**