UNITED STATES Of America,

v.

Nathaniel DAMES, Defendant.

No. 04 CR. 1247(VM).

United States District Court,
S.D. New York.

Sept. 9, 2005.

Helen Virginia Cantwell, U.S. Attorney's Office, SDNY (St Andw's), New York City, for Plaintiff.

Murray Richmond, Law Offices of Murray Richman, Bronx, NY, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Defendant Nathaniel Dames ("Dames") is charged in a two-count indictment with (1) causing the intentional killing of David Harris ("Harris") while Dames was engaged in a conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, in violation of Section 848(e)(1)(A) of Title 21 of the United States Code; and (2) the intentional killing of Harris with a firearm in relation to and in furtherance of a conspiracy to distribute cocaine base and cocaine, in violation of Section 924(i) of Title 18 of the United States Code. (Indictment 04 Cr. 1247, dated November 23, 2004 ("Indictment"), at 1–2.) The facts of this case can be found in the Court's previous opinion in this matter, *United States v. Dames*, 380 F.Supp.2d 270 (S.D.N.Y.2005) ("August 2

Opinion"). Familiarity with that opinion is assumed.

## I. BACKGROUND

At a conference on July 29, 2005, the Court indicated and the Government conceded that Count Two of the Indictment contained a typographical error, and that the Indictment intended to plead a violation of Title 18, United States Code, Section 924(j). The Court also ordered that the Government provide Dames with a Bill of Particulars as to the underlying narcotics conspiracy referenced in Counts One and Two of the indictment. Specifically, the Court stated

> [T]o the extent that a reading of the indictment on its face does not give the court or any other reader a clear indication of exactly what conspiracy may have occurred in the past involving Mr. Dames and others, I think that is would be helpful and, perhaps, called for, for there to be a clearer statement as to which of the various past activities of the defendant this particular indictment relates to.

(July 29, 2005 Tr. at 11–12.)

The Government provided some information concerning the alleged narcotics conspiracy at the July 29 conference, and provided additional information in its subsequent letter submission to the Court. (Letter from Helen V. Cantwell to the Court, dated August 5, 2005 ("Gov't Letter"), at 2.) The letter additionally explained the circumstances surrounding the typographical error and requested that the Court amend the indictment. (Gov't Letter at 1–2.) Dames opposed the motion of the Government to amend the Indictment, and argued that the particulars disclosed by the Government in its letter were insufficient to meet the obligations set out by the Court at the July 29 conference and in its August 2 Opinion. (Letter from Nathaniel Dames to the Court, dated August 10, 2005 ("Dames Opp'n Letter"), at 1–3.)

For the reasons stated below, the Court finds that the particulars provided by the Government to date are sufficient and amends the Indictment to plead Count Two as a violation of Title 18, United States Code, Section 924(j).

## II. DISCUSSION

### A. BILL OF PARTICULARS

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987); *see* 1 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 129 (3d ed. & Supp.2005) ("The bill of particulars ... is intended to give the defendant enough information about the charge so that he or she may adequately prepare a defense and so that surprise will be avoided. It is not intended, as such, as a means of learning the government's evidence and theories."). As the Court noted in the August 2 Opinion, "the Second Circuit has 'consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in approximate terms.'" *United States v. Berganza*, No. S(4) 03 Cr. 987, 2005 WL 372045, at *5 (S.D.N.Y. Feb. 16, 2005) (citing *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir.1973)).

The particulars provided by the Government in its Letter were that "the defendant, acting with others known and unknown, conspired to distribute and possessed with the intent to distribute in excess of 50 grams of cocaine base, in or

around 124th Street in Manhattan between in or about the early 1990's and in or about November 1995." (Gov't Letter at 2.) Dames claims that these allegations are insufficient, and asks the Court to instruct the Government to provide additional information concerning "the alleged drug conspiracy and how it is tied in to the shooting of David Harris." (Dames Opp'n Letter at 3.) What Dames seeks are "the 'wheres, whens and with whoms' that Courts have held to be beyond the scope of a bill of particulars." *United States v. Mitlof*, 165 F.Supp.2d 558, 569 (S.D.N.Y. 2001). Additionally, Dames's request for an explanation of the link between the conspiracy and the shooting is merely a request for a preview of the Government's legal theories, which is similarly inappropriate for disclosure in a bill of particulars. *Id.; United States v. Muyet*, 945 F.Supp. 586, 599 (S.D.N.Y.1996). The particulars provided by the Government are sufficient to inform Dames of the specific acts for which he is accused, and are therefore adequate.

## B. *AMENDMENT OF INDICTMENT*

 In reviewing Dames's objection to the amendment of the Indictment, the Court is "mindful that cases involving the possible imposition of the death penalty necessitate 'special care and deliberation in decisions that may lead to the imposition of that sanction.'" *United States v. Dhinsa*, 243 F.3d 635, 667 (2d Cir.2001) (quoting *Thompson v. Oklahoma*, 487 U.S. 815, 856, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988) (O'Connor, J., concurring in judgment)). However, the Court nonetheless finds that amendment of the Indictment is appropriate in this case.

"The requirement that the Grand Jury amend the indictment is not absolute; the district court or the prosecutor may make 'ministerial change [s]' to the indictment, such as to correct a misnomer or typographical errors." *Dhinsa*, 243 F.3d at 667 (alteration in original); *see* Fed. R.Crim.P. 7(c)(3) ("Citation Error. Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."); *Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) ("[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form.").

18 U.S.C. § 924(j) states that "A person who, in the course of a violation of subsection (c),[1] causes the death of a per-

---

1. Subsection (c) states, in pertinent part, that

 Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provid-

 ed for such crime of violence or drug trafficking crime—

 . . . . .

 (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

 . . . .

 (2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.).

 18 U.S.C. § 924(j).

son through the use of a firearm, shall ... if the killing is a murder (as defined in section 1111),[2] be punished by death or by imprisonment for any term of years or for life." The language in the Indictment issued by the Grand Jury tracks the language of the statute. The Court does not find any credible basis for Dames's expressed concern that the Grand Jury was incorrectly instructed on the statutory language of 18 U.S.C. § 924(j). Rather, it appears that a typographical error occurred, as explained thoroughly by the Government in its letter (see Gov't Letter at 1–2 & Ex. A). Indeed, the charges expressed in Count Two of the Indictment bear no relation to the crime codified at 18 U.S.C. § 924(i).[3] The Court finds that under these circumstances, the amendment of the Indictment by the Court, and without its being resubmitted to the Grand Jury, is warranted.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion of defendant Nathaniel Dames ("Dames") for a more detailed bill of particulars is DENIED; and it is further

**2.** Section 1111 states at subsection (a), as cited in the Indictment, that

Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than

**ORDERED** that the Indictment be amended to plead a violation in Count Two of Title 18, United States Code, Section 924(j), in place of the currently listed violation of Title 18, United States Code, Section 924(i).

**SO ORDERED.**

him who is killed, is murder in the first degree.

18 U.S.C. § 1111(a).

**3.** Section 924(i) states, at subsection (1), "A person who knowingly violates section 922(u) shall be fined under this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(i)(1). Section 922(u) states

It shall be unlawful for a person to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(u).