**UNITED STATES of America,**

v.

**Daniel A. CORBIN, Defendant.**

**No. 09 Cr. 0463(VM).**

United States District Court,
S.D. New York.

June 24, 2010.

Joan M. Loughnane, Reed Michael Brodsky, U.S. Attorney's Office, New York, NY, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Daniel Corbin ("Corbin"), charged with one count of conspiracy to commit securities fraud and six substantive counts of securities fraud for insider trading, has filed a motion for a bill of particulars with the Court. For the reasons detailed below, Corbin's motion is DENIED.

## I. BACKGROUND

The Government alleges that Corbin and his business associate Jamil Bouchareb ("Bouchareb") obtained information about mergers or acquisitions of publicly traded companies before the transactions occurred and traded to their advantage on this information. This nonpublic informa-

tion was allegedly provided to them by securities broker Matthew Devlin ("Devlin"), who in turn had obtained it from his wife, an employee of a communications firm employed by the merging companies.

A criminal complaint was filed against Corbin and Bouchareb on December 17, 2008, and a superseding indictment was returned against Corbin on April 6, 2010 (the "Indictment"). The Government has provided a large amount of discovery to Corbin, including trading records, emails, and bank records.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Corbin filed a motion for a bill of particulars with the Court on April 27, 2010. Though Corbin's initial memorandum in support of this motion detailed nine separate areas where he sought to compel disclosure of information, his latest filing with the Court has narrowed those areas to four.

## II. *DISCUSSION*

A bill of particulars is not intended as a general discovery device but instead allows a defendant to "identify with sufficient particularity the nature of the charge pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Dames,* 380 F.Supp.2d 270, 273 (S.D.N.Y.2005) (citing *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987)). When considering a motion for a bill of particulars, "the Court must evaluate the charges contained in the indictment and the state of discovery." *Id.*

### A. THE FIDUCIARY DUTY BE-TWEEN DEVLIN AND HIS WIFE

To prevail on its insider trading theory, the Government must prove that Devlin, by sharing nonpublic information

with Corbin, breached a relationship of trust and confidence he had with his wife. *See United States v. O'Hagan,* 521 U.S. 642, 653, 117 S.Ct. 2199, 138 L.Ed.2d 724 (1997) (explaining "misappropriation" theory of insider trading). Corbin argues that the Government has not provided sufficient information about the creation of this duty because the Government has only vaguely alleged "a history, pattern and practice of sharing and maintaining confidences" between Devlin and his wife. (Indictment ¶ 18.)

Upon review of the materials submitted in relation to this motion, the Court finds that Corbin overlooks additional disclosures the Government made in its opposition to Corbin's motion. In particular, the Government asserts that Devlin and his wife had an express verbal agreement that Devlin would not share nonpublic information obtained from his wife. (*See* Government's Memorandum in Opposition to the Defendant's Motion for a Bill of Particulars, dated May 23, 2010, 7, 21.) Though the exact words of this agreement may not be known to Corbin, its existence is not a secret, and Corbin's knowledge of its precise content at this point is not critical to his awareness of the nature of the charges against him or his ability to prepare a defense.

In addition, the Government represents that Devlin will testify about this agreement at trial; any disclosures of Devlin's prior statements will be provided to Corbin at the appropriate time. *See* 18 U.S.C. § 3500; Federal Rules of Criminal Procedure 26.2. The Court also notes that more information about the agreement between Devlin and his wife may be soon forthcoming in relation to the Government's opposition to Corbin's still-pending motion to dismiss the Indictment, in which Corbin argues in part that Devlin's sharing of information from his wife is not

sufficient grounds to charge Corbin with insider trading.

### B. *HOW DEVLIN ACQUIRED THE NONPUBLIC INFORMATION*

Corbin next complains that the Government has advanced an inconsistent position on whether Devlin stole information from his wife or whether Devlin's wife freely provided the information to him. Corbin represents that the Government has "advised him" that Devlin stole the information, a position that seems to contradict allegations in the Indictment that Devlin "obtained or learned" the nonpublic information from his wife. (Indictment ¶ 18.)

Corbin has not specified how ignorance of the exact method that Devlin obtained the information prejudices his preparation for trial. If the Government sufficiently proves that Devlin and his wife had an agreement that nonpublic information within her knowledge or possession was not to be shared with others, and that Devlin did improperly disclose such information to Corbin, Corbin would be culpable if he traded on the information whether Devlin was told the information over a romantic dinner or he pilfered it from his wife's briefcase or email account.

### C. *THE NATURE OF THE NONPUBLIC INFORMATION*

■ Corbin argues that the Government must provide more details about what information was given to Corbin by Devlin because, by the Government's own admission, Devlin may not remember the exact conversations he had with Corbin or Bouchareb providing them with the information. Corbin's contention is without merit. The Indictment specifies that Devlin passed on information about acquisitions before the public knew of them. (*See* Indictment ¶ 20.) Ten such transactions are alleged. (*See id.* ¶ 19.) That Devlin may be unsure of the exact dates and times he conveyed this information to Corbin does not diminish the Government's specification of the particular information conveyed.

### D. *HOW CORBIN ACQUIRED THE INFORMATION*

■ Corbin's final ground for seeking a bill of particulars is that though the Indictment alleges that Devlin gave nonpublic information directly to Corbin, the Government also alleges in a civil proceeding against Devlin that Devlin gave information only to Corbin's partner Bouchareb, who in turn passed it on to Corbin. Corbin conclusorily asserts that obtaining this information has important implications for his defense but he does not specify them, aside from noting that other so-called "remote tippees" have not been criminally charged.

Whatever these other unspecified ramifications may be, they are of no import in the context of a request for a bill of particulars. The Government has alleged in this case that Devlin tipped Corbin directly. That is the theory they will be held to at trial, and if any vacillation in the Government's position, including between different prosecutions or actions, prejudices Corbin he may address the matter as appropriate at that time.

### III. *ORDER*

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that motion of defendant Daniel A. Corbin for a bill of particulars (Docket No. 53) is DENIED.

**SO ORDERED.**