UNITED STATES of America, Appellee,

v.

Alexander BORTNOVSKY, a/k/a "Sasha," Leonid Braz, Defendants-Appellants.

Nos. 1131, 1132, Dockets 87–1055, 87–1066.

United States Court of Appeals, Second Circuit.

Argued May 14, 1987.

Decided June 5, 1987.

Stuart E. Abrams, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Bruce A. Green, Asst. U.S. Atty., New York City, of counsel), for appellee.

Julia P. Heit, New York City (Heit & Grant, New York City, Bertram Zweibon, New York City, of counsel), for defendant-appellant Alexander Bortnovsky.

Michael H. Soroka, Mineola, N.Y. (Speno, Goldberg, Moore, Margules & Corcoran, P.C., Mineola, N.Y., of counsel), for defendant-appellant Leonid Braz.

Before VAN GRAAFEILAND, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

Appellants Alexander Bortnovsky and Leonid Braz, along with alleged co-conspirator Naum Braz, were indicted in the United States District Court for the Southern District of New York for engaging in a scheme to defraud the Federal Emergency Management Administration and the New York Property Insurance Underwriting Association through the submission of false and inflated insurance claims. Specifically, the twelve-count indictment charged appellants with mail fraud, 18 U.S.C. § 1341 (1982), with conspiring to defraud the United States, 18 U.S.C. § 286 (1969), and with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* (1982), by conducting and by conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity. *Id.* §§ 1962(c), (d). The RICO counts charged as predicate acts of racketeering activity the crimes of arson, reckless murder, and mail fraud.

Appellants were tried before a jury and convicted of all counts, although the jury found appellants not guilty of the predicate act of reckless murder.

On January 29, 1987, appellant Bortnovsky was sentenced to concurrent terms of twenty years' imprisonment on Counts One and Two, to a consecutive term of ten years' imprisonment on Count Three, and to concurrent terms of five years' imprisonment on Counts Four through Nine. Appellant Braz was sentenced to concurrent terms of eight years' imprisonment on Counts One through Three, and to concurrent terms of five years' imprisonment on Counts Four through Nine.

On this appeal, appellant Bortnovsky contends that the district court erred (1) by refusing to grant his newly retained counsel a reasonable opportunity to prepare a defense, thereby depriving appellant of the effective assistance of counsel; (2) by failing to grant a bill of particulars; and (3) by imposing a significantly harsher sentence on appellant than that imposed on his co-defendant Leonid Braz. Appellant Braz joins in appellant Bortnovsky's argument concerning the impropriety of the district court's denial of the motion for a bill of particulars and raises the following additional arguments: (1) the district court erred by admitting evidence of the alleged reckless murder and (2) the district court's instructions to the jury regarding the weight to be accorded the testimony of defendant's expert were so one-sided as to be prejudicial.

This court need address in detail only appellants' argument concerning the prejudicial effect of the district court's failure to grant a bill of particulars as it is dispositive of the case. We hold that the district court abused its discretion in denying appellants' motion for a bill of particulars identifying which of appellants' insurance claims for burglary losses were fraudulent and which

of the many invoices submitted to substantiate these claims were falsified. Accordingly, we reverse the convictions of appellants Bortnovsky and Braz and remand for a new trial.

### DISCUSSION

■ Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *See Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927); *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir.1963) (quoting *United States v. Murray*, 297 F.2d 812, 819 (2d Cir.), *cert. denied*, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962)); *see generally* 1 C. Wright, Federal Practice and Procedure § 129 (2d ed. 1982). The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court. *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984). Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required. *See United States v. Matlock*, 675 F.2d 981, 986 (8th Cir.1982) (indictment apprised defendant of charges); *United States v. Society of Independent Gasoline Marketers*, 624 F.2d 461, 466 (4th Cir.1979) (no bill of particulars required where extensive disclosure of documents and testimony), *cert. denied*, 449 U.S. 1078, 101 S.Ct. 859, 66 L.Ed.2d 801 (1981).

Paragraph 6 of the indictment in the instant case alleges that:

a. The defendants would and did submit false claims for burglary losses to the Federal Insurance Administration ("FIA").

. . . .

c. The defendants would and did submit false claims for fire damage to the New York Property Insurance Underwriting Association ("NYPIUA").

Elsewhere in the indictment, the Government, in setting forth the essential elements of the mail fraud charges, provides a list of the suspect pieces of mail along with their approximate dates of mailing and addressees. Nowhere in the indictment, however, does the Government specify the dates of the staged burglaries or enumerate which of numerous documents were falsified. Immediately following return of the indictment, counsel for Leonid Braz was permitted to inspect and copy some 4,000 documents.

On October 1, 1986, appellant Leonid Braz and co-defendant Naum Braz moved for a bill of particulars and discovery identifying the fraudulent documents and burglaries. The district court by Endorsed Memorandum denied this request.

Trial commenced on October 27, 1986. The Government introduced evidence of twelve burglaries, although admittedly only four burglaries were alleged to be fabricated: April 12, 1981, May 31, 1981, July 21, 1981, and August 16, 1981. Numerous documents regarding these twelve burglaries were admitted into evidence, although only three were alleged to be false.

Appellants argue that without specifically being informed of the dates of the phony burglaries and the identity of the false documents, either in the indictment or in a bill of particulars, they were unable to prepare adequately for trial and, in fact, were forced to establish their innocence by proving that eight of the burglaries put before the jury, which even the Government was uncertain were fake, actually occurred. In response, the Government contends that it fulfilled its obligation to inform appellants of the charges by being explicit in the indictment and by providing over 4,000 documents to defense counsel during discovery.

■ We conclude that appellants were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents. Appellants were forced to explain the

events surrounding eight actual burglaries and to confront numerous documents unrelated to the charges pending. In effect, the burden of proof impermissibly was shifted to appellants. While we commend the Government for cooperating in the turning over of documents prior to trial, we do not look with favor on the manner in which the Government conducted the prosecution. The relevance of key events was shrouded in mystery at the commencement of and throughout the trial. The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged. Appellant Bortnovsky's counsel was particularly susceptible to being waylaid by such a tactic as he had only four days within which to prepare a defense. In sum, we find that the district court erred by failing to grant a bill of particulars which was vital to appellants' understanding of the charges pending and to the preparation of a defense and which would have prevented the Government in its attempt to proceed furtively.

As an aside, we note that the Government has attempted to supplement its brief and argument by submitting an unsolicited post-argument letter. Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, counsel may submit "pertinent and significant authorities [which] come to the attention of a party after the party's brief has been filed, or after oral argument but before decision...." Fed.R.App.P. 28(j). In making any such submission, a party is strictly forbidden from making additional arguments or from attempting to raise points clarifying its brief or oral argument. See Fed.R.App.P. 28(j). The Government herein has not attempted to submit elucidative authorities, but merely is raising belated arguments. Accordingly, we decline to consider the Government's letter.

Since there is to be a retrial, we note for the guidance of the trial court and counsel that we find no merit in Braz's contentions concerning the evidence of reckless murder and the trial court's instruction to the jury on expert testimony. We take no position on whether in light of the jury's special finding on the alleged predicate act of reckless murder, double jeopardy principles might bar further evidence of that crime on the retrial.

In conclusion, we reverse the convictions of appellants Bortnovsky and Braz and remand to the district court for a new trial.