**UNITED STATES of America,**

v.

**Eric STEELE, Defendant.**

**No. 99–CR–569.**

United States District Court,
N.D. New York.

Feb. 8, 2000.

Grant C. Jacquith, Richard S. Hartunian, Office of U.S. Atty., Albany, NY, for U.S.

Mitchell Seth Kessler, Latham, NY, for defendant.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. INTRODUCTION

Defendant Eric Steele is charged in a three count indictment with conspiracy to possess with intent to distribute, and dis-

tributing crack cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846.

The defendant has moved

1. For an order, pursuant to Fed. R.Crim.P. 7(f), compelling the Government to provide a bill of particulars setting forth: (a) the names of any alleged co-conspirators; (b) the place at which the defendant allegedly entered into the conspiracy; (c) the time and place of each alleged conspiratorial act; and (d) the substance of each statement establishing an agreement among the conspirators;

2. For an order, pursuant to Fed. R.Crim.P. 16(a) requiring the Government to make certain videotapes and audiotapes which it intends to use at trial available for copying; and

3. For an order requiring the Government to disclose the identity of confidential informants who participated in the criminal transactions charged in the indictment, or alternatively, produce them for an *in camera* hearing.

Oral argument was heard on January 28, 2000 in Albany, New York. Decision was reserved.

## II. *DISCUSSION*

### A. *Bill of Particulars*

■ The function of a bill of particulars is to provide the defendant with information about the nature of the charge pending against him, thereby enabling the defendant to prepare for trial and prevent surprise. *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir.), *cert. denied sub nom. Cruz v. United States*, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *see also United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987); *United States v. Walker*, 922 F.Supp. 732, 738 (N.D.N.Y. 1996). " 'Whether to grant a bill of particulars rests within the sound discretion of the district court.' " *Torres*, 901 F.2d at 234 (quoting *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984)).

■ "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Torres*, 901 F.2d at 234 (quoting *United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied sub nom. Marin v. United States*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989)). Therefore, a bill of particulars is not to be used as a "general investigative tool for the defense." *Feola*, 651 F.Supp. at 1132; *Walker*, 922 F.Supp. at 738. In addition, if the information sought by the defendant is provided in the indictment or is available from some other source, such as discovery, no bill of particulars is required. *See Bortnovsky*, 820 F.2d at 574; *see also Walker*, 922 F.Supp. at 739.

■ "As a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly." *Feola*, 651 F.Supp. at 1132. Therefore, defendants are not entitled, by way of a bill of particulars, to details such as how and when a conspiracy was formed, as well as when each participant entered it. *Walker*, 922 F.Supp. at 739 (citing *Feola*, 651 F.Supp. at 1132).

■ The indictment states the statutes the defendant is charged with violating, the relevant dates, and the quantity of cocaine involved in each count. In addition, the Government has provided the defendant with additional discovery materials which further apprises the defendant of the charges against him. Moreover, in light of the above, the defendant is not entitled to a bill of particulars with respect to the dates, times, places, and specific words relating to the formation of the alleged conspiracy and when defendant entered into it.

■ With respect to defendant's request for the names of alleged co-conspirators, the indictment states that "the defendants, ERIC STEELE and STEPHEN HARRIS, did knowingly and intentionally com-

bine, conspire, confederate, and agree together with each other, and with others known and unknown to the grand jury, to possess with intent to distribute and distribute crack cocaine." (Indictment at 1–2) (emphasis in original). To the extent that the Government has knowledge of "others" who were involved in the conspiracy, the Government must disclose their identities to the defendant.

### B. *Copying of Videotapes and Audiotapes*

"Upon request of a defendant the Government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies of thereof, within the possession, custody, or control of the Government." Fed.R.Crim.P. 16(a). The Government has allowed the defendant to inspect certain audiotapes and videotapes, but has not allowed copies to be made. Pursuant to Rule 16, the Government must make these tapes available to the defendant for copying.

### C. *Identity of Informants*

"Where the disclosure of an informant's identity, or the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way." *Roviaro v. United States,* 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (holding trial court committed prejudicial error in permitting the Government to withhold the identity of an informer who was the sole participant, other than the accused, in the transaction charged). Before ordering disclosure of informers, the defendant's need for disclosure must be balanced against the Government's need to shield the identity of the informer. *Id.* at 62, 77 S.Ct. 623; *United States v. Fields,* 113 F.3d 313, 324 (2d Cir.1997). "The defendant is generally able to establish a right to disclosure 'where the informant is a key witness or

participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence.'" *United States v. Saa,* 859 F.2d 1067, 1073 (2d Cir.1988) (quoting *United States v. Russotti,* 746 F.2d 945, 950 (2d Cir.1984)), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989).

In this case, the informants were witnesses to and direct participants in all of the significant events surrounding the crimes charged. As such, they are "obviously ... crucial witness[es] to the alleged narcotics transactions." *United States v. Roberts,* 388 F.2d 646, 649 (2d Cir.1968). Therefore, the identities of these informants should be revealed to the defendant.

### III. *CONCLUSION*

For the foregoing reasons, it is

ORDERED, that

1. The defendant's motion for a bill of particulars is GRANTED to the extent that the Government must disclose the identities of any alleged co-conspirators and DENIED in all other respects;

2. The defendant's motion for an order requiring the Government to make certain audiotapes and videotapes available for copying is GRANTED;

3. The defendant's motion for disclosure of the identity of confidential informants is GRANTED; and it is further ORDERED that

4. The Government must provide the aforementioned information and materials within thirty (30) days of the entry of this order.

IT IS SO ORDERED.