**UNITED STATES of America**

v.

**Abraham CARRILLO–MORONES, Defendant.**

**No. EP–07–CR–1624(21)–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

June 23, 2008.

John Michael Gibson, Assistant U.S. Attorney, Russell Dewitt Leachman, U.S. Attorney's Office, El Paso, TX, Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for United States of America.

Arturo V. Hernandez, Arturo V. Hernandez P.A., Miami, FL, Felipe D.J. Millan, Felipe D.J. Millan, P.C., El Paso, TX, for Abraham Carrillo–Morones.

### ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Abraham Carrillo–Morones's "Bill of Particulars," filed on April 23, 2008, the Government's "Brief and Response to Defendants's Motion for Bill of Particulars," filed on April 29, 2008, and Defendant's "Reply to the Government's Response," filed on May 13, 2008, in the above-captioned cause. In his Motion, Defendant moves for a bill of particulars as to Counts Six, Twelve, Fourteen, and Fifteen of the Third Superceding Indictment in accordance with Rule 7(f) of the Federal Rules of Criminal Procedure ("Rule 7(f)"). Mot. 1. After due consideration, the Court is of the opinion that Defendant's Motion should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2008, the Government charged Defendant in a Third Superceding Indictment. Defendant contends the Third Superceding Indictment "provides absolutely no conspiratorial overt acts or means by which to inform the Defendant of the specific facts or events that the Government alleges occurred during [the time periods listing in the Indictment]." *Id.* at 2–3. He acknowledges that the Government has provided some discovery but argues that the discovery provided "does not perform the function of informing the Defendant of the specific allegations against him." *Id.* at 9.

In its Response, the Government argues that it has provided Defendant with all of the information to which he is legally entitled insofar as it "has fully complied with the requirements of *Brady, Giglio,* and the Court's Standing Discovery Order and will supplement the discovery which has already been given as soon as such becomes available." Resp. 3 (emphasis in original). The Government also asserts that some of the information regarding the times, dates, and places of the drug trafficking activity

as alleged in the Third Superceding Indictment "is not available," and thus, cannot be provided to Defendant. *Id.* at 3.

## II. LEGAL STANDARD

■ "An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against him and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Montemayor,* 703 F.2d 109, 117 (5th Cir.1983) (finding sufficient an indictment which "set out the elements of the offense, the specific code sections violated, and the names of six co-conspirators"). If an indictment is insufficient, Rule 7(f) enables a defendant to urge the Court to compel the Government to file a bill of particulars. Fed.R.Crim.P. 7(f).

■ "The purpose of a bill of particulars is to apprise a defendant of the charge against him with sufficient precision to enable him to prepare his defense" and prevent unfair surprise. *Montemayor,* 703 F.2d at 117; *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987). It is not a means to obtain general discovery. *United States v. Davis,* 582 F.2d 947, 951 (5th Cir.1978). Even where an indictment fails to provide adequate notice of the charged offense, a bill of particulars is not warranted if the Government has provided "the necessary information in another satisfactory form." *See United States v. Kirkham,* 129 Fed.Appx. 61, 72 (5th Cir.2005) (affirming denial of bill of particulars where the Government provided the defendants "with voluminous discovery."). "The denial of a bill of particulars is within the sound discretion of the trial judge." *Montemayor,* 703 F.2d at 117.

## III. ANALYSIS

### 1. Count Six

Count Six charges Defendant with Conspiracy to Launder Money, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). According to the Third Superceding Indictment, Defendant conspired to transport monetary instruments from the United States to Mexico in order to facilitate drug trafficking offenses.

Defendant seeks information about any overt acts which form the basis of the conspiracy to launder money alleged in Count Six. Mot. 4. Count Six identifies the charged offense and sets forth the elements of conspiracy to money launder, the dates of such conduct, and the names of the five indicted co-conspirators.

■ Conspiracy to commit money laundering or unlawful drug trafficking offenses does not require proof of an overt act in furtherance of the conspiracy. *Whitfield v. United States,* 543 U.S. 209, 219, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005); *United States v. Shabani,* 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Accordingly, the Court finds that Count Six sufficiently apprises Defendant of the charged offense, and concludes that a bill of particulars is not warranted.

### 2. Counts Twelve and Fourteen

Count Twelve charges Defendant with Conspiracy to Possess Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. The Third Superceding Indictment alleges Defendant conspired to possess and distribute cocaine between December 1, 2006, and January 10, 2008. Count Fourteen charges Defendant with Conspiracy to Possess Marijuana with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. The Third Superceding Indictment alleges Defendant conspired to possess and distribute marijuana between March 1, 2005, and January 11, 2008.

Defendant seeks information about the overt acts underlying the conspiracies alleged in Counts Twelve and Fourteen, in addition to whether the Government alleges that his possession was actual or constructive, joint or sole. The Government contends that whether Defendant's possession was actual or constructive and joint or sole is irrelevant insofar as he is charged with a conspiracy offense, rather than a possession offense. Resp. 3. Defendant also seeks information regarding whether the drugs were seized and any details of a seizure, the total weight of drugs involved, and the identities of any unindicted co-conspirators. Mot. 5–6.

■ Count Twelve sets forth the charged offense, the elements of conspiracy to possess with intent to distribute five or more kilograms of cocaine, and the names of the indicted co-conspirators. Count Fourteen also sets forth the charged offense and the elements of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. The names of the unindicted co-conspirators are redacted.

The Court agrees with the Government that whether Defendant's possession is actual or constructive and joint or sole is irrelevant to a conspiracy offense, as is information regarding the seizure of any drugs. *See United States v. Thomas,* 348 F.3d 78, 82 (5th Cir.2003) (listing the elements of a conspiracy offense under 21 U.S.C. § 846). Moreover, there is no evidence that Defendant will be unable to prepare for trial absent such information. Defendant is not entitled to the names or identities of unindicted co-conspirators. *United States v. Rittweger,* 259 F.Supp.2d 275, 291 (S.D.N.Y.2003). Finally, both Counts Twelve and Fourteen provide sufficient notice of the total weight of drugs involved. Count Twelve charges conspiracy to possess at least five kilograms of cocaine and Count Fourteen charges conspiracy to possess at least 100 kilograms of marijuana. Accordingly, the Court denies Defendant's request for a bill of particulars regarding Counts Twelve and Fourteen.

### 3. Count Fifteen

Count Fifteen charges Defendant with violating 18 U.S.C. § 1952, which makes it a crime to travel in interstate commerce with the intent to promote unlawful activity and thereafter attempt to commit an unlawful act. 18 U.S.C. § 1952. The Third Superceding Indictment alleges that Defendant traveled from El Paso, Texas, to Shreveport, Louisiana, in order to distribute the proceeds of drug trafficking offenses, and that, while traveling, he committed acts of violence in furtherance of drug trafficking offenses.

Defendant seeks information about the dates and place that he allegedly traveled in order to distribute drug proceeds, the amount of proceeds, and whether any proceeds were seized. Mot. 7. He also seeks information about the alleged acts of violence committed in furtherance of unlawful conduct, including the identities of the victims, and how the violence furthered the unlawful activity. *Id.*

■ Count Fifteen sets forth the charged offense, the elements of the offense, and the dates and locations of the alleged conduct. Specifically, it is alleged that the illegal conduct occurred between March 20, 2005, and April 20, 2005, while Defendant traveled from El Paso to Shreveport. While there are no allegations regarding any specific acts of violence, the Court finds that the Third Superceding Indictment, together with the

discovery provided by the Government,[1] adequately informs Defendant of the offense charged in Count Fifteen.[2] *See Rittweger,* 259 F.Supp.2d at 291 ("The Government may not be compelled to provide a bill of particulars disclosing ... the precise manner in which the defendant[ ] committed the crimes charged."). Accordingly, the Court denies Defendant's request for a bill of particulars as to Count Fifteen.

## IV. CONCLUSION

Having found that the Third Superceding Indictment provides Defendant with sufficient notice of the nature of the charges pending against him, the Court concludes that Defendant's Motion should be denied.

Accordingly, **IT IS ORDERED** that Defendant Abraham Carrillo–Morones's "Bill of Particulars" (Docket No. 598) is denied.

---

1. Defendant does not dispute that the Government has provided him with all discovery to which he is lawfully entitled.

2. The Court finds that information regarding the amount of proceeds allegedly distributed and whether or not they were seized is irrelevant to charged offense.