08-5103-ag
Xie v. Holder

IJ Straus
BIA
A097 670 218

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of July, two thousand ten.

PRESENT: REENA RAGGI,
         DEBRA ANN LIVINGSTON,
              *Circuit Judges.*[*]

_____

BING XIE,
         *Petitioner*,

         v.                                    08-5103-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent*.

_____

FOR PETITIONER:          Carrol L. Lucht, Stephen Wizner, The
                         Jerome N. Frank Legal Services
                         Organization, New Haven,

---

[*] Circuit Judge Ralph K. Winter, originally a member of the panel, recused himself from this case. The remaining two panel members, who are in agreement, decide this motion pursuant to Second Circuit Internal Operating Procedure E(b).

Connecticut.[1]

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part, and DENIED in part.

Bing Xie, a native and citizen of the People's Republic of China, seeks review of an October 10, 2008 order of the BIA reversing the May 3, 2007 decision of Immigration Judge ("IJ") Michael W. Straus and denying her application for relief under the Convention Against Torture ("CAT"). *In re Bing Xie*, No. A097 670 218 (B.I.A. Oct. 10, 2008), *rev'g* No. A097 670 218 (Immig. Ct. Hartford May 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the

---

[1] Petitioner moves to allow two students, Brian Soucek and Daniel Winik, to appear before the Court. However, as counsel concedes, these students do not yet have the four semesters of full-time legal study required in order to appear. *See* 2d Cir. Local Rule 46.1(e)(3)(A). The motion is therefore denied.

decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* questions of law, including determinations as to what evidence will suffice to sustain an applicant's burden of proof. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008)*; Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n.2 (2d Cir. 2003).

1. Jurisdiction

Under 8 U.S.C. §§ 1252(a)(2)(C) and (D), our jurisdiction to review final orders of removal against aliens, such as Xie, who are removable by reason of having been convicted of an aggravated felony is limited to constitutional claims or questions of law. *See Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008); *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 163 (2d Cir. 2006). This court has not yet decided whether 8 U.S.C. § 1252(a)(2)(C)'s jurisdictional restrictions also apply to CAT claims for deferral of removal. *See De La Rosa v. Holder*, 598 F.3d 103, 107 (2d Cir. 2010). We need not do so here, however, as Xie's appeal presents only questions of law.

2. Xie's Failure to Demonstrate a Likelihood of Torture

a. Official Acquiescence

Xie argues that the BIA erred as a matter of law in

3

concluding that she failed to demonstrate official acquiescence in her torture at the hands of "rogue agents" of the Public Security Bureau. *See* 8 C.F.R. § 1208.18(a)(1). Specifically, she faults the BIA's (1) insistence upon central government acquiescence without regard to whether local officials might acquiesce in her torture, and (2) failure to recognize a presumption that infliction of severe pain or suffering by rogue public officials constitutes torture. We are not persuaded.

The BIA concluded that "the record evidence does not show that the Chinese government is willfully blind to the conduct of such rogue agents," referencing the standard set forth in *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). *In re Bing Xie*, No. A097 670 218, at 2. We do not construe the BIA's reference to the "Chinese government" to limit its analysis to the central government alone, particularly in light of the BIA's citation to *Khouzam*'s holding that torture requires only that some "*government officials* know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." 361 F.3d at 171 (emphasis added).

Further, the record does not warrant a presumption of

4

official willful blindness to acts of torture by rogue agents of the Public Security Bureau. Here, there was no finding of routine torture for seemingly official purposes as in *Khouzam*, *See id.* at 169-71. Rather, Xie submits, without any historical proof, that the leader of the smuggling operation in which she participated will arrange to have her tortured on account of a particular unpaid debt. On this record, we detect no legal error in the BIA's conclusion that Xie failed to adduce evidence sufficient to support her claim of government acquiescence in the feared conduct, should it occur.[2]

### b. Likelihood of Torture

Xie submits that the BIA erred in applying an overly stringent standard in concluding that she failed to demonstrate a likelihood that she will be tortured if removed to China. Specifically, she submits that the BIA improperly

---

[2] *De La Rosa v. Holder*, 598 F.3d 103, warrants no different conclusion. Unlike in *De La Rosa*, the BIA here did not confront evidence that someone was intent on killing Xie or that the Chinese government was powerless to prevent such a killing. 598 F.3d at 110. Further, insofar as Xie argues for the first time in her March 2, 2010 28(j) letter that the BIA conducted impermissible *de novo* review of the IJ's factual findings on issues other than Xie's credibility, we deem the argument waived and decline to address it. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987).

based its conclusion on her failure to demonstrate that similarly situated individuals – *i.e.*, other "repatriated, convicted alien smuggler[s]," *In re Bing Xie*, No. A097 670 218, at 3 – are tortured in China. The record does not support this claim.

The BIA held that Xie failed to carry "her burden of showing that it is more likely than not that she will be tortured if removed to China," *id.* (citing 8 C.F.R. § 1208.16(c)(2)), thereby citing the appropriate standard. Although Xie testified that she feared torture and presented evidence indicating that participants in the smuggling operation were connected with the public security office, she offered no evidence to demonstrate that the feared torture was likely. It was in this context that the BIA focused on the lack of comparative evidence that others in similar circumstances had been tortured. *See Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (upholding denial of CAT relief based on lack of evidence that military deserters generally are tortured in China despite credible testimony that petitioner (1) was beaten following first desertion attempt and (2) was threatened with death if he deserted again).[3]

---

[3] *Niang v. Mukasey*, 511 F.3d 138 (2d Cir. 2007), cited by petitioner for the proposition that the BIA must provide

6

Accordingly, we identify no legal error in the BIA's standard of review.

3.  The Failure to Refer Petition to a Three-Member Panel

Xie argues that the BIA violated its own regulations under 8 C.F.R. § 1003.1(e) when it vacated the decision of the IJ in a one-member order as opposed to referring the case for decision by a three-member panel.  We lack jurisdiction to review this discretionary administrative determination.  *See Guyadin v. Gonzales*, 449 F.3d 465, 469-70(2d Cir. 2006); *Kambolli v. Gonzales*, 449 F.3d 454, 461 (2d Cir. 2006).  That the BIA reversed, rather than affirmed, the IJ's decision warrants no different conclusion.  *See* 8 C.F.R. § 1003.1(e)(6) (instructing that case "*may* be assigned for review by a three-member panel" if any of six specified circumstances, including need to reverse IJ, is present) (emphasis added).  In any event, the challenged decision was issued pursuant to remand from this court for reconsideration of the BIA's 2007 reversal of the IJ, which <u>was</u> issued by a three-member panel.  *See Bing*

specific reasons for relying on the absence of corroborative evidence, is inapposite.  Here, unlike in *Niang*, the agency made no adverse credibility determination and did not seek corroboration of otherwise credible testimony; rather the BIA accepted Xie's fear of mistreatment but concluded that it was insufficient to demonstrate a likelihood of torture.  *In re Bing Xie*, No. A097 670 218, at 3.

7

*Xie v. Mukasey*, No. 07-4217-ag (2d Cir. May 28, 2008) (stipulation and order). Accordingly, this portion of Xie's petition is dismissed.

    4.  <u>Conclusion</u>

Because we detect no error in the BIA's dispositive determination that Xie did not establish a likelihood of torture if returned to China, we decline to address her challenge to the IJ's determination that she was convicted of a "particularly serious crime" barring her from withholding of removal under the CAT pursuant to 8 U.S.C. § 1231(b)(3)(B)(ii).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. The pending motion for leave to allow two law students to appear is DENIED in accordance with Local Rule 46.1(e)(3)(A). Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

8