17-1188-cr(L)
United States v. Brown

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.

MICHAEL BROWN, COREY CANTEEN, KERRY VANDERPOOL, WILLIAM BRACEY, WENDELL BELLE, JASON MOYE,

*Defendants-Appellants.*

No. 17-1188(L);
No. 17-1525(CON);
No. 17-1563(CON);
No. 17-2384(CON);
No. 17-2544(CON);
No. 17-3227(CON)

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT
MICHAEL BROWN:                          JANE S. MEYERS, Law Office of
                                        Jane S. Meyers, Brooklyn, NY.


FOR DEFENDANT-APPELLANT
COREY CANTEEN:                          BENJAMIN GRUENSTEIN,
                                        Cravath, Swaine & Moore,
                                        LLP, New York, NY.


FOR DEFENDANT-APPELLANT
KERRY VANDERPOOL:                       SAMUEL M. BRAVERMAN,
                                        Fasulo Braverman &
                                        DiMaggio, LLP, New York,
                                        NY.


FOR DEFENDANT-APPELLANT
WILLIAM BRACEY:                         BRUCE R. BRYAN, Bryan Law
                                        Firm, Syracuse, NY.


FOR DEFENDANT-APPELLANT
WENDELL BELLE:                          STEVEN Y. YUROWITZ, Newman
                                        & Greenberg LLP, New York,
                                        NY.


FOR DEFENDANT-APPELLANT
JASON MOYE:                             Bryan Konoski, Treyvus &
                                        Konoski, P.C., New York, NY.


FOR APPELLEE:                           GINA M. CASTELLANO,
                                        Assistant United States
                                        Attorney (Samson A. Enzer,
                                        Andrew C. Adams, Karl
                                        Metzner, Assistant United

2

States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeals from judgments of the United States District Court for the Southern District of New York (Valerie Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court as to defendants-appellants Kerry Vanderpool, Wendell Belle, and Jason Moye are VACATED in part and AFFIRMED in part as to select counts of conviction and the causes are REMANDED for resentencing, and that the judgments as to defendants-appellants Michael Brown and William Bracey are AFFIRMED. The consolidated appeal of defendant-appellant Corey Canteen is resolved by separate opinion filed simultaneously with this order.

These appeals stem from a multi-defendant prosecution targeting members of the "Young Gunnaz" street gang in the Bronx, New York. The five appellants who are the subject of this summary order entered into plea agreements with the Government and were sentenced to prison terms ranging

from 168 to 444 months. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm the judgments of conviction as to Brown and Bracey, and to affirm in part, vacate in part, and remand for resentencing as to Vanderpool, Belle, and Moye.

Vanderpool, Belle, and Moye each pleaded guilty to a firearm offense under 18 U.S.C. § 924(c) for which the underlying crime of violence was a racketeering conspiracy. The Government concedes that the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019), requires vacatur of those counts of conviction. See also United States v. Barrett, 937 F.3d 126 (2d Cir. 2019). Accordingly, we vacate Vanderpool's second count of conviction (hereinafter, "Vanderpool Count Two") (Count 14 of the Eighth Superseding Indictment, S8 15 Cr. 537 (VEC), in this case), Count One of Belle's conviction, and Count One of Moye's conviction, and we remand the causes for resentencing on the remaining counts for each of these three defendants.

Our decision to vacate and remand renders moot the other arguments Belle and Moye raise on appeal that assert errors requiring resentencing.

Below, we address the remaining arguments that have not been rendered moot by the Government's concessions.

### 1. Vanderpool

Vanderpool claims that he should be resentenced before a different district judge on remand because, he contends, the Government breached the parties' agreement not to "seek" or "suggest . . . the Court consider" any adjustments or departures not contained in the plea agreement. Vanderpool App'x 13. Specifically, Vanderpool points to the Government's submission, in response to a court order, that "the Court would be within its discretion to find" that one of the underlying offenses in the racketeering charge, which the plea agreement treated as an aggravated assault, constituted an attempted murder that would have been first degree murder if completed. Id. at 55.

We conclude that the Government's submission did not constitute a breach of the plea agreement, which expressly reserved the parties' rights "to answer any inquiries and to make all appropriate arguments" in the event "the Court contemplates" a different Guidelines calculation. Id. at 14. The Government did not raise the first-degree-murder issue "on [its] own initiative," but "merely

provide[d] information . . . in response" to the District Court's inquiry. United States v. Griffin, 510 F.3d 354, 365 (2d Cir. 2007). And it did so while affirming that it "stands by the stipulated Guidelines calculation" contained in the plea agreement. Vanderpool App'x 55; see United States v. Amico, 416 F.3d 163, 165–66 (2d Cir. 2005). Vanderpool's reliance on United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), to support his argument is misplaced. There we found that the Government's "disavow[al]" of the stipulated Guidelines calculation breached the plea agreement, and we did not consider a reservation of rights clause similar to the clause in Vanderpool's case. Id. at 637. We therefore reject Vanderpool's argument that he should be resentenced by a different district judge.

For the first time at oral argument, Vanderpool also argues that this Court should "strike" rather than vacate Vanderpool Count Two and retain his 84-month sentence on his remaining count of conviction. Doing so, he asserts, would avoid the disruption to his current participation in Bureau of Prisons programs that resentencing will cause. Even if Vanderpool had timely raised this argument and we could strike his conviction as he proposes, we would not

6

do so.   The District Court is uniquely positioned to determine the adequacy of any sentence in Vanderpool's case, and it should do so in the first instance.

### 2. Brown

Brown's plea agreement included a waiver of the right to appeal a sentence within the stipulated Guidelines range, and he does not dispute that his sentence falls within the scope of the waiver.   Nonetheless, he asserts that the waiver is void because the District Court failed to adequately support its finding that one of the attempted murders underlying his racketeering conviction would have been a first degree murder if completed.   He argues that the District Court's failure to do so amounted to an "abdication of its judicial responsibility," requiring resentencing.   Brown Br. 45 (quoting United States v. Buissereth, 638 F.3d 114, 118 (2d Cir. 2011)).

We disagree.   The District Court's determination with respect to premeditation was amply supported and explained.   The District Court cited portions of Brown's plea allocution in which he admitted having the intent to kill, and it also identified other evidence sufficient to infer premeditation on Brown's part.   In any event, we have upheld appellate waivers over objections

7

that a sentence was imposed without a specification of reasons as required by 18 U.S.C. § 3553(c)(1), United States v. Yemitan, 70 F.3d 746, 747–48, 747 n.1 (2d Cir. 1995), that a district court failed to rule on objections and downward departures or to calculate the Guidelines range at all, Buissereth, 638 F.3d at 115, 117, and that a sentence was "imposed in an illegal fashion," United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). For these reasons, we conclude that Brown's waiver is enforceable and bars this challenge to his sentence.

  3. Bracey

Bracey similarly challenges the enforceability of the appellate waiver contained in his plea agreement. The waiver provision, he claims, does not prevent him from arguing that his sentence is substantively unreasonable. As we explain, however, we need not decide whether the waiver is enforceable, for we easily reject the claim of substantive unreasonableness.

We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted). Bracey argues that his sentence

8

is substantively unreasonable because of unwarranted disparities between his sentence and those of his co-defendants, and because the District Court insufficiently considered certain mitigating factors. We conclude that the District Court adequately justified Bracey's sentence by reference to the other defendants. The District Court compared Bracey to co-defendants sentenced for similar offenses and weighed the defendants' ages, their criminal histories, and the relative seriousness of their offenses. The District Court also considered all the mitigating factors Bracey raises on appeal—his age, difficult upbringing, history of abuse, and family ties—and determined that they were outweighed by aggravating factors, including his leadership role in the gang, his involvement in multiple incidents in which guns were fired, the nature of the murder in which he admitted participating, and his failure to change his lifestyle after the birth of his son. Determining the comparative weight of aggravating and mitigating factors "is a matter firmly committed to the discretion of the sentencing judge." United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). On this record, we see no basis to conclude that Bracey's sentence of 396 months' imprisonment, on a conviction for which the stipulated Guidelines

9

sentence was life, is so "shockingly high" as to be substantively unreasonable.[1]

Id. (quotation marks omitted).

We have considered the appellants' remaining arguments and conclude that they are without merit. In summary, and for the foregoing reasons, the judgments of the District Court as to Brown and Bracey are AFFIRMED, Count Two of Vanderpool's conviction, Count One of Belle's conviction, and Count One of Moye's conviction are VACATED, and the causes are REMANDED for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Bracey argues for the first time in a Rule 28(j) letter dated August 26, 2019, see Fed. R. App. P. 28(j), that his sentence should be vacated because the § 924(c) convictions and sentences of Vanderpool, Belle and Moye, which we hereby vacate, directly affected the sentence he received. In the same Rule 28(j) letter he also argues for the first time that Davis affects the voluntariness of his guilty plea, which he asserts he entered primarily to avoid the risk of conviction for a violation of § 924(c) predicated on use or carrying of a firearm in relation to the RICO conspiracy. We deem these arguments waived and decline to address them. See United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987) ("Pursuant to Rule 28(j)[,] . . . counsel may submit 'pertinent and significant authorities [which] come to the attention of a party after the party's brief has been filed, or after oral argument but before decision . . . .' In making any such submission, a party is strictly forbidden from making additional arguments or from attempting to raise points clarifying its brief or oral argument." (quoting Fed. R. App. P. 28(j))).