United States v. Bayuo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                                      19-1854

REBECCA BAYUO,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Anne E. Railton, Goodwin Procter LLP (Richard M. Strassberg, Valerie A. Haggans, Amanda B. Protess, *on the brief*), New York, N.Y.

Appearing for Appellee:     Cecilia E. Vogel, Assistant United States Attorney (Mollie Bracewell, Elizabeth Hanft, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (John G. Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Rebecca Bayuo appeals from the June 13, 2019 judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*) following her conviction after a jury trial on twelve counts of filing fraudulent tax returns in violation of 26 U.S.C. § 7206(2); one count of theft of government funds in violation of 18 U.S.C. §§ 641 and 2; one count of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1), (b), and 2; and two counts of subscribing to false tax returns in violation of 26 U.S.C. § 7206(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Bayuo's principal argument on appeal is that the district court violated her due process right to a fair trial and abused its discretion in admitting into evidence, near the end of the government's case-in-chief, a chart summarizing dependents who appeared on 40 tax returns filed by Bayuo on behalf of multiple clients. The chart showed that dependents reappeared on unrelated returns, tending to undermine the defense theory, advanced in cross examination, that Bayuo was not responsible for falsifying dependent information. The chart was not identified as evidence prior to trial. The dependents' names on the chart appeared on tax returns admitted into evidence during her trial, and on tax returns that were not provided to the defense until the evening before the chart was admitted into evidence. All of the information on both sets of tax returns was contained on a spreadsheet the government provided to defense counsel prior to trial.

"With respect to a claimed due process violation, we review the district court's factual determinations for clear error, while the constitutional significance of those findings, including the ultimate determination of whether due process has been violated, is reviewed *de novo*." *United States v. Epskamp*, 832 F.3d 154, 160 (2d Cir. 2016) (internal quotation marks, brackets, and citation omitted). Bayuo argues that the government's failure to notify her of its intention to seek admission of the chart in advance of trial was a violation of her due process rights, as it left her unable to meaningfully prepare for trial and damaged the defense she had been presenting to the jury over the course of the trial. We have previously acknowledged that "substantial[ly] prejudic[ial]" nondisclosure of evidence under Federal Rule of Criminal Procedure 16 can deprive a defendant of her right to a fair trial. *United States v. McElroy*, 697 F.2d 459, 465 (2d Cir. 1982).

There was no constitutional violation here. Although the government did not identify the chart as a potential exhibit before trial, *see* Fed. R. Crim. P. 16(a)(1)(E)(ii), the information on the chart was included on a spreadsheet provided to the defense three weeks before trial. Some, although not all, of the information came from tax returns that were identified pretrial and admitted into evidence. As the district court recognized, "some tax returns in evidence already include dependents for more than one taxpayer." App'x at 1481. To the extent the chart included information from the tax returns not admitted in evidence, these returns were available for defense inspection before the chart was admitted.

Bayuo's reliance on *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987), is unavailing. There, the defendants were accused of submitting false insurance claims for losses

that allegedly occurred during burglaries. *Id.* at 573. We held that the district court's failure to compel bills of particulars left the defendants wholly unable to present a defense because "the Government [failed] to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents." *Id.* at 574. Here, however, the superseding indictment identified the tax returns the government planned to use at trial, and those tax returns included reused dependents. Thus, Bayuo was not substantially prejudiced by the admission of the chart so as to have been denied due process.

Equally unavailing are Bayuo's arguments that the district court abused its discretion in admitting the chart. *See United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). Insofar as Bayuo contends that the chart included uncharged crimes, "[t]he Second Circuit has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004). "To determine whether a district court properly admitted other act evidence, the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *Id*.

All the factors are satisfied here. The chart was admitted for the purpose of showing that the fake dependents were unique to Bayuo, that is, not provided by Bayuo's clients. It was plainly material to contesting Bayuo's defense that the clients provided the information regarding the dependents, and it was plainly probative. Finally, the district court provided limiting instructions, both immediately after the chart's introduction into evidence and when it instructed the jury prior to deliberations. The district court therefore did not abuse its discretion in admitting the chart.

We have considered the remainder of Bayuo's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3